UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LUIS PROCTER,** § | |
| § | |
| **Plaintiff** § | |
| § | **EP-23-CV-000157-DCG** |
| vs. § | |
| § | |
| **LOWE'S HOME IMPROVEMENT d/b/a** § | |
| **LOWE'S STORE #1152, LOWE'S** § | |
| **COMPANIES, INC., LOWE'S HOME** § | |
| **CENTERS, LLC d/b/a LOWE'S STORE** § | |
| **#1152 and JOHN DOE, manager** § | |
| § | |
| **Defendants** § | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **LUIS PROCTER**, hereinafter Plaintiff, complaining of and about **LOWE'S HOME IMPROVEMENT d/b/a LOWE'S STORE #1152, LOWE'S COMPANIES, INC., LOWE'S HOME CENTERS, LLC d/b/a LOWE'S STORE #1152 (hereinafter jointly and collectively referred to as Defendant LOWE'S) and JOHN DOE, manager**, and for cause of action would show unto the Court:

### I. PARTIES

1. Plaintiff LUIS PROCTER is an individual resident of El Paso, County, Texas. The last three numbers of Plaintiff's social security number are 561 and the last four numbers of his driver's license are 2022.

2. All Defendants in this matter have been properly served with process and otherwise have appeared in this case.

*Luis Procter v. Lowe's Home Improvement et.al.*
*EP-23-CV-000157-DCG*          1 | P a g e
*Plaintiff's Original Petition*

## II. STANDING AND CAPACITY TO SUE

3. The Plaintiff has standing and capacity to file suit and the correct Defendant has been sued in its correct capacity.

## III. JURISDICTION AND VENUE

4. The Court has jurisdiction over the Defendant LOWE'S because there is diversity of jurisdiction. Defendant LOWE'S is a corporation which was formed in North Carolina and has its principal place of business there.

## IV. FACTUAL BACKGROUND

5. On or about February 15, 2021, Plaintiff LUIS PROCTER was lawfully upon the premises of Defendant LOWE'S located at 430 Redd Road, El Paso, Texas. As Plaintiff walked into the premises, a large stack of boxes with loose straps was on the floor near the entrance, causing a hazardous condition. Plaintiff became tangled in the straps causing him to fall and sustain injuries to his knee.

## V. PREMISES LIABILITY

6. The occurrence made the basis of this suit and Plaintiff's resulting injuries were proximately caused by the condition of Defendant LOWE'S property for the following reasons:

   1. A condition on the premises posed an unreasonable risk of harm;
   2. Defendant knew or reasonably should have known of the danger;
   3. Defendant breached its duty of ordinary care by both
      (1) failing to adequately warn Plaintiff of the condition, and
      (2) failing to make the condition reasonably safe.

*Luis Procter v. Lowe's Home Improvement et.al.*
*EP-23-CV-000157-DCG*                2 | P a g e
*Plaintiff's Original Petition*

    4.    Defendant's breach proximately caused Plaintiff's injuries and damages.

The aforesaid reasons were a proximate cause of Plaintiff's injuries and damages.

## VI. *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY

7.    All agents, servants, representatives, and/or employees referred to herein of Defendant LOWE'S were in the course and scope of their respective agency, servitude or employment and were under the direct control of Defendant LOWE'S. In the alternative, Defendant LOWE'S through management had authorized and/or ratified the described conduct of its agents, servants, representatives, and/or employees.

8.    Therefore, since the agents, servants, representatives, and/or employees of Defendant LOWE'S were, at the time of the incident made the basis of this lawsuit, acting within the course and scope of their employment for Defendant LOWE'S, then pursuant to the doctrine of *respondeat superior*, the agents, servants, representatives, and/or employees' negligent acts and/or omissions are imputed to Defendant LOWE'S.

9.    Defendant LOWE'S committed acts of negligence, which include but are not limited to the following:

    i.   Failing to warn of a hazardous condition;

    ii.  Failing to maintain safety warnings to apprise pedestrians of hazards;

    iii. Failing to maintain a reasonably safe worksite;

    iv. Failing to provide adequate training and instruction to workers on the premise;

    v.  Failing to design and install adequate safety mechanisms; and

    vi. Allowing tripping hazards to exist on walking surfaces.

*Luis Procter v. Lowe's Home Improvement et.al.*
EP-23-CV-000157-DCG                     3 | P a g e
*Plaintiff's Original Petition*

### VII . NEGLIGENCE OF LOWE'S HOME IMPROVEMENT d/b/a LOWE'S STORE #1152, LOWE'S COMPANIES, INC., LOWE'S HOME CENTERS, LLC d/b/a LOWE'S STORE #1152 (hereinafter jointly and collectively referred to as Defendant LOWE'S) and JOHN DOE, manager

10. On the occasion in question, Defendant LOWE'S, their agents, servants, and employees created a dangerous and hazardous condition, which proximately caused the injuries and damage to Plaintiff. Defendant LOWE'S failed to maintain a safe building, failed to enforce safety regulations, and failed to warn of the dangerous conditions existing on said property of which they had actual and contractual control, and failed to use safe maintenance procedures, which proximately caused the incident and damages in question.

11. Defendant LOWE'S negligently failed to ensure, maintain, and control a property and to properly supervise and inspect the worksite, individuals, equipment, and operational procedures and safety policies used by Defendant LOWE'S and as a direct and proximate result, Plaintiff was severely and permanently injured and has now suffered damages as specified herein for which Plaintiff now sues.

12. Defendant LOWE'S owed a duty to Plaintiff to ensure, maintain, supervise, and inspect the equipment, materials, and operational and safety procedures used by their employees, representatives, contractors, or agents. Defendant LOWE'S negligently failed to ensure, maintain, properly place equipment at the work site, and failed to properly supervise and inspect the individuals, equipment, materials, and operational procedures used by their employees, representatives, contractors, or agents. Defendant LOWE'S additionally failed to provide and maintain adequate warning and

*Luis Procter v. Lowe's Home Improvement et.al.*
*EP-23-CV-000157-DCG*                    4 | P a g e
*Plaintiff's Original Petition*

safety devices. As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

## VIII. IN THE ALTERNATIVE, BORROWED EMPLOYEE

13. Plaintiff adopts and incorporate by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

14. In the alternative, Defendant JOHN DOE, manager, was acting as a borrowed servant of Defendant LOWE'S who had the right to direct and control the details of his work.

15. Defendant LOWE'S exercised and/or retained the actual right of control over the manner in which the work was performed by Defendant JOHN DOE, manager.

## IX. IN THE ALTERNATIVE, OSTENSIBLE AGENCY

16. In the alternative, if Defendant JOHN DOE, manager, was not acting as an/the employee(s) of Defendant LOWE'S and/or as a Borrowed Servant of Defendant LOWE'S, as alleged in this pleading, then Defendant JOHN DOE was acting as Defendant LOWE'S ostensible agent at all relevant times.

## X. GROSS NEGLIGENCE

17. At the time and on the occasion in question, and immediately before that Defendant LOWE'S engaged in the course of conduct that was performed with reckless disregard for the rights of others and was grossly negligent. This conduct proximately caused Plaintiff's injuries. Plaintiff is therefore entitled to recover exemplary damages because of Defendant LOWE'S actual subjective awareness, conscious, willful, wanton, and intentional disregard for the rights of others.

*Luis Procter v. Lowe's Home Improvement et.al.*
*EP-23-CV-000157-DCG*      5 | P a g e
*Plaintiff's Original Petition*

Plaintiff sues for punitive or exemplary damages.

## XI. DAMAGES

18. As a result of his bodily injuries, which were proximately caused by Defendant LOWE'S negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

    i. past and future medical expenses;

    ii. past and future physical pain and mental anguish;

    iii. past and future physical impairment;

    iv. past and future disfigurement;

    v. past lost wages and future lost wage-earning capacity; and

    vi. punitive damages.

19. Plaintiff seeks actual damages in an amount within the jurisdictional limits of this Court.

## XII. JURY DEMAND

20. Plaintiff respectfully requests a trial by jury on these issues in this case.

## XII. DESIGNATED EMAIL FOR SERVICE PROCESS

20. Plaintiff hereby notifies all parties that the designated email for service for all matters included, but not limited to discovery, motions, notices and pleadings, is as follows:

    getlit@lovettlawfirm.com

*Luis Procter v. Lowe's Home Improvement et.al.*
*EP-23-CV-000157-DCG*      6 | P a g e
*Plaintiff's Original Petition*

## XIII.  **PRAYER**

Plaintiff prays that she have judgment against Defendants **LOWE'S HOME IMPROVEMENT d/b/a LOWE'S STORE #1152, LOWE'S COMPANIES, INC., LOWE'S HOME CENTERS, LLC d/b/a LOWE'S STORE #1152 (hereinafter jointly and collectively referred to as Defendant LOWE'S) and JOHN DOE, manager**, jointly and severally, for actual damages shown and proved at trial, prejudgment and post-judgment interest, costs of court, and for all other relief, legal and equitable, to which she is entitled.

Respectfully submitted,

**THE LOVETT LAW FIRM**
619 Arizona Avenue
El Paso, Texas 79902
(915) 757-9999
(915) 595-4166 Facsimile

BY:  */s/ Russell A. Murray*
**RUSSELL A. MURRAY**
State Bar No. 24062519
rmurray@lovettlawfirm.com
*Attorney for Plaintiff*

*Luis Procter v. Lowe's Home Improvement et.al.*
EP-23-CV-000157-DCG            7 | P a g e
*Plaintiff's Original Petition*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this **1st day of June 2023**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following as well as all others on the CM/ECF service list:

**VIA ELECTRONIC SERVICE:**
Mr. Brice Phillips
Steptoe & Johnson PLLC
1780 Hughes Landing Blvd., Suite 750
The Woodlands, TX  77380
brice.phillips@steptoe-johnson.com
*Attorney for Defendants*

                                                      */s/ Russell A. Murray*
                                              **RUSSELL A. MURRAY**

*Luis Procter v. Lowe's Home Improvement et.al.*
*EP-23-CV-000157-DCG*                   8 | P a g e
*Plaintiff's Original Petition*